**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS N. SMITH, | No. 09-17206 |
| Plaintiff - Appellant, | D.C. No. 1:05-cv-01187-OWW-GSA |
| v. | |
| DARRIN SIMMONS, formerly DBA Clean Air Products, Inc., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted November 5, 2010[**]
San Francisco, California

Before: HALL and THOMAS, Circuit Judges, and RESTANI, Judge.[***]

Thomas Smith appeals the district court's grants of partial summary judgment

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

in his diversity action against Darrin Simmons, individually and d.b.a. Clean Air Products, Inc. Smith alleges breach of contract arising from his sale of business assets to Clean Air. He seeks to hold Simmons personally liable for a 1998 contract that Simmons claims to have signed on behalf of Clean Air, and Smith argues that the district court erred in holding there was no genuine issue of material fact as to Simmons's personal liability. Smith contends that the erroneous partial summary judgments improperly altered the character of his subsequent trial, in which a jury found no breach. We affirm.

Smith alleges that a genuine issue of material fact exists as to whether Simmons assumed personal liability under the 1998 contract. None of his three theories have merit, and partial summary judgment on this issue was proper.

First, Smith argues that parol evidence from a 2001 contract between Smith and Simmons makes the 1998 contract ambiguous with regard to Simmons's personal liability. This ambiguity, says Smith, presents a question of fact. However, while parol evidence can be used to interpret ambiguous contract language, *see Hervey v. Mercury Cas. Co.*, 185 Cal. App. 4th 954, 961 (2010), Smith's argument is unpersuasive. The 2001 contract's mere mention of a possible prior contract involving Simmons does not make the otherwise unambiguous 1998 contract reasonably susceptible to an interpretation that Simmons was personally liable for it.

It is undisputed that the 1998 contract repeatedly references the fact that it is between two corporate entities, mentions Smith's name several times but does not mention Simmons's name at all in the body of the agreement, and never mentions a guaranty or personal liability. So, even in light of the 2001 contract, the undisputed facts show that the 1998 contract is unambiguous with regard to Simmons's personal liability.

Second, Smith argues that there was a genuine dispute as to whether Smith or Simmons drafted the contract, and that this fact issue is material to Smith's claim because any ambiguities in the 1998 contract should be resolved against the drafter—i.e., allegedly Simmons. Thus, Smith argues, the fact issue of who drafted the contract controls the resolution of the ambiguity regarding Simmons's personal liability. Smith correctly notes that, under California law, "[a]mbiguities in contract language are to be resolved against the drafter." *Victoria v. Superior Court*, 40 Cal. 3d 734, 738 (1985); *see* Cal. Civ. Code § 1654 (codifying the doctrine of contra proferentem). However, as noted, the 1998 contract's language is not ambiguous, even in light of its broader context and later agreements. Therefore, the doctrine of contra proferentem does not apply; there is no ambiguity to interpret against the drafter, whoever that might be.

Third, Smith argues that the pre-printed signature line of the 1998 contract shows that Simmons was personally liable because it listed the name "Darrin

Simmons" without any reference to Simmons's corporate position. Smith relies on, but mischaracterizes, *Sebastian Int'l, Inc. v. Peck*, 195 Cal. App. 3d 803 (1987). In *Sebastian*, a California appellate court held that a corporation's vice president assumed personal liability for a lease agreement between his corporation and another corporation pursuant to a guaranty document, despite the fact that the pre-printed signature line of the document referenced the signee's corporate title. *Sebastian*, 195 Cal. App. 3d at 805–06, 809. The guaranty document in *Sebastian* unquestionably described a personal obligation, and the words "Vice President" in the signature line were merely *descriptio personae*—a term describing the person rather than the capacity in which that person signed. *Id.* at 809. *Sebastian*, therefore, stands for the proposition that personal liability may be determined by looking to the terms of the agreement, rather than to the pre-printed signature line alone. In this sense, *Sebastian* actually hurts Smith's case because Smith urges us to discount the 1998 contract's terms and give weight to the fact that the signature line names "Darrin Simmons" sans corporate title. Thus, Smith is wrong to assert that personal liability should be imposed merely because the pre-printed signature line fails to reference Simmons's position as a corporate officer.

Smith also alleges that a genuine issue of material fact exists as to whether Simmons is personally liable for the obligations of Clean Air under the alter ego

doctrine. The alter ego doctrine applies to pierce a corporate veil if two requirements are met: (1) there is such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, and (2) an inequitable result will follow if the corporate veil is not pierced. *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985) (quoting *Automotriz del Golfo de Cal. S. A. de C. V. v. Resnick*, 47 Cal. 2d 792, 796 (1957)). Smith has not shown that a genuine issue of material fact exists as to the unity of interest requirement. Smith's only evidence of a unity of interest is the fact that Simmons is Clean Air's sole owner. Many other undisputed facts indicate that Clean Air and Simmons do not share a unity of interest—e.g., Clean Air employees only do corporate work, Clean Air's corporate location is separate from Simmons's home, and Clean Air's finances were kept separate from Simmons's finances. Given the undisputed facts and the evidence presented, there is no genuine issue of material fact as to whether Simmons and Clean Air maintain separate personalities. Thus, partial summary judgment on this issue was appropriate.

Finally, even if the grants of partial summary judgment were erroneous, Smith has failed to show how they improperly affected his subsequent trial. He points to no facts or issues that were eliminated from trial due to the partial summary judgments, but that would have provided the jury with more clarity or context regarding the case.

**AFFIRMED**.